UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON FAUST, #788816,

    Plaintiff,                                Hon. Phillip J. Green

v.                                              Case No. 1:22-cv-868

UNKNOWN STREIT, et al.,

    Defendants.
_____/

## OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 25). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment (ECF No. 5, 42). 28 U.S.C. § 636(c)(1). For the reasons articulated herein, Defendants' motion will be granted in part, granted in the alternative in part, and this matter terminated.

## BACKGROUND

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility. The events giving rise to this action occurred while Plaintiff was incarcerated at the Earnest C. Brooks Correctional Facility. In his complaint, (ECF No. 1), Plaintiff alleges the following.

On February 16, 2022, Plaintiff refused to return to his cell because "the conditions were inhuman with exposed wire [and] water everywhere." Plaintiff was returned to his cell after which Plaintiff was "kicked and kicked repeatedly" by

unidentified prison officials. An unidentified prison official informed Plaintiff, "that's what you get for putting that grievance in on Pannell."

Later the same day, Plaintiff exited his cell to speak with somebody about the fact that some items of his personal property had been destroyed during a search of his cell. Afterward, Plaintiff again refused to return to his cell due to the conditions therein. Plaintiff was again returned to his cell after which Defendant Wakefield "kicked [Plaintiff] in the head."

On February 17, 2022, Plaintiff was escorted to healthcare by Defendants Streit and Farber who informed Plaintiff that he would be "killed" for filing a grievance against Panell. Later that day, Plaintiff was escorted to the shower by an unknown number of unidentified prison officials. After being placed in the shower, Plaintiff was assaulted by these unknown individuals. Plaintiff's subsequent request for medical treatment was denied by these same unknown individuals. On February 22, 2022, Plaintiff Defendant Farber called Plaintiff a "crybaby bitch."

Defendants Streit, Wakefield, and Farber now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his available administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on

2

"whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

3

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*,

4

578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

5

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

  A. Claims Against Defendants Streit, Wakefield, and Farber

Because Plaintiff's complaint contains a great many allegations against unidentified individuals, it is important at the outset to identify the claims being asserted against Defendants Streit, Wakefield, and Farber.

  1. Defendant Streit

Plaintiff alleges that on February 17, 2022, Defendant Streit retaliated against him by threatening to kill him for filing a grievance against another prison official.

6

2. Defendant Wakefield

Plaintiff alleges that on February 16, 2022, Wakefield kicked him in the head after escorting him back to his cell. Plaintiff alleges Wakefield's conduct violated his Eighth Amendment rights.

3. Defendant Farber

Plaintiff alleges that on February 17, 2022, Defendant Farber retaliated against him by threatening to kill him for filing a grievance against another prison official. Plaintiff further alleges that Farber violated his Eighth Amendment rights by calling him a "crybaby bitch."

4. Failure to State a Claim

Before analyzing the grievances Plaintiff submitted regarding these allegations, the Court must first assess whether Plaintiff's claim that Farber called him a "crybaby bitch" should be dismissed for failure to state a claim.

Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). It is well understood that verbal abuse or verbal harassment fails to state a claim on which relief may be granted. *See, e.g., Zimmer v. Unknown Metro*, 2023 WL 1878911 at *3 (W.D. Mich., Feb. 10, 2023) (collecting cases). Accordingly, Plaintiff's claim that Defendant Farber subjected him to verbal abuse must be dismissed for failure to state a claim.

7

B. Assessment of Grievances

The parties do not dispute that Plaintiff pursued several grievances concerning the events giving rise to this action. Rather, the present dispute is whether the grievances Plaintiff pursued properly exhausted his administrative remedies.

1. LRF-22-02-0268-28c

Plaintiff filed this grievance on February 16, 2022, advancing numerous allegations including that Defendant Wakefield kicked him in the head after escorting him back to his cell. (ECF No. 37-2, PageID.215). Plaintiff's grievance was rejected for asserting multiple issues and for asserting claims advanced in other grievances. (*Id.*, PageID.216). This determination was upheld at Steps II and III. (*Id.*, PageID.217-20). Accordingly, this grievance cannot serve to properly exhaust Plaintiff's claim that Defendant Wakefield assaulted him.

2. LRF-22-02-0269-17b

Plaintiff filed this grievance on February 16, 2022, alleging that he was assaulted by an unidentified group of prison officials. (ECF No. 37-1, PageID.208). First, this grievance cannot serve to properly exhaust any of Plaintiff's claims against Defendants Streit, Wakefield, or Farber because this grievance is not asserted against any of these defendants. Moreover, even if the Court assumes that this grievance is asserted against the present defendants, the result is the same. Plaintiff pursued this grievance through Step III, but Plaintiff's Step III grievance was rejected because he failed to include the Step II response as required by MDOC

8

policy. (*Id.*, PageID.212). Accordingly, this grievance fails to properly exhaust any of Plaintiff's present claims.

    3.    LRF-22-02-0333-17a

Plaintiff filed this grievance alleging that Defendant Farber called him a "crybaby bitch." (ECF No. 37-4, PageID.231). As previously discussed, this claim must be dismissed for failure to state a claim. In the alternative, this claim must be dismissed for failure to exhaust administrative remedies.

Plaintiff pursued this grievance through Step III, but Plaintiff's Step III grievance was rejected because he failed to include the Step II response as required by MDOC policy. (ECF No. 26-3, PageID.158). While Plaintiff re-submitted his Step III grievance, he improperly initiated the present action before receiving a response to his re-submitted Step III grievance. (ECF No. 37-4, PageID.234). It is well established that a prisoner must complete the prison grievance process prior to initiating action in federal court. *See, e.g., Barnett v. Laurel County, Kentucky*, 2017 WL 11640119 at *2 (6th Cir., Dec. 12, 2017) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). Accordingly, this grievance cannot serve to properly exhaust any of Plaintiff's present claims.

    4.    LRF-22-02-0298-26a

Plaintiff filed this grievance on February 17, 2022, alleging that Defendant Streit threatened to kill him for filing a grievance against another prison official. (ECF No. 37-3, PageID.223). Plaintiff filed this grievance through all three steps of the grievance process. (*Id.*, PageID.222-28). However, Plaintiff initiated the

9

present action before receiving a response to his Step III grievance.  (*Id.*, PageID.227).   As noted above, a prisoner fails to properly exhaust his administrative remedies where he files a lawsuit prior to completing the prison grievance process. Plaintiff attempts to avoid this conclusion by arguing that prison officials failed to timely respond to his grievance.   The Court is unpersuaded.

MDOC Policy articulates the timeframe within which prison officials must respond to a grievance.   Responses to Step I and Step II grievances are due "within 15 days after receipt of the grievance" unless an extension is granted.   MDOC Policy Directive 03.02.130 ¶¶ Z, EE.   Prison officials are afforded 60 days to respond to a Step III grievance.   *Id.* at ¶ II.   If prison officials fail to timely respond to a grievance, the prisoner "*may* forward the grievance to the next step of the grievance process within ten business days after the response deadline expired, including any extensions that have been granted."   *Id.* at ¶ U (emphasis added).   Thus, where prison officials fail to timely respond to a grievance the prisoner has two options: (a) simply wait to receive a response to the grievance after which the prisoner can then proceed to the next step in the grievance process, or (b) proceed to the next step in the grievance process, in the absence of a response, but only if he does so within ten business days after the expiration of the response deadline.   *See, e.g., Clark v. Owens*, 2022 WL 19396680 at *2 (6th Cir., Dec. 15, 2022).

Plaintiff filed his Step I grievance on February 17, 2022.   (ECF N0. 37-3, PageID.223).   Prison officials responded to Plaintiff's Step I grievance on March 7, 2022.  (*Id.*, PageID.224).   Plaintiff submitted his Step II grievance on March 16,

10

2022. (*Id.*, PageID.226). Prison officials did not timely respond to Plaintiff's Step II grievance. Plaintiff declined, however, to avail himself of the opportunity to forego a Step II response and proceed to Step III. Instead, Plaintiff chose to wait to pursue a Step III grievance until first receiving a response to his Step II grievance which was not provided until August 8, 2022. (*Id.*, PageID.228). Plaintiff thereafter submitted a Step III grievance on or about October 3, 2022. (*Id.*, PageID.227). Prison officials timely responded to Plaintiff's Step III grievance on October 25, 2022. (*Id.*).

While prison officials did not timely respond to Plaintiff's Step II grievance, Plaintiff waived any objection to this untimeliness by failing to proceed to Step III within 10 days of the deadline for the response to his Step II grievance. Plaintiff instead opted to wait until receiving a response to his Step II grievance before proceeding to Step III. Having made this choice, Plaintiff was obligated to refrain from initiating the present action until either he received a response to his Step III grievance or the deadline for such had passed. Plaintiff instead initiated the present action before receiving a response to his Step III grievance which was timely provided. Plaintiff cannot avoid the consequences of his decision by pointing to the delay by prison officials in responding to his Step II grievance. MDOC Policy afforded Plaintiff a clear remedy to this circumstance. Plaintiff, however, waived that option and having done so he was obligated to see the grievance process through to completion. Because Plaintiff failed to do so, this grievance cannot serve to exhaust the claim advanced therein.

In sum, the Court finds that Defendants have satisfied their burden to demonstrate that Plaintiff has not properly exhausted his administrative remedies.

## CONCLUSION

For the reasons articulated herein, Defendants' Motion for Summary Judgment (ECF No. 25) is hereby granted in part and granted in the alternative in part. Specifically, Plaintiff's claim that Defendant Farber violated his Eighth Amendment rights by subjecting him to verbal abuse is dismissed with prejudice for failure to state a claim on which relief may be granted, Plaintiff's remaining claims against Defendants Streit, Farber, and Wakefield are dismissed without prejudice for failure to properly exhaust administrative remedies, and this matter terminated. The Court further finds that an appeal of this matter by Plaintiff would be frivolous and, therefore, not taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An Judgment consistent with this Opinion will enter.


Date: April 12, 2024                                          /s/ Phillip J. Green
                                                              PHILLIP J. GREEN
                                                              United States Magistrate Judge